STATE OF IOWA, Appellee, v. JOE KRUPPA, Appellant.

INCEST: Indictment and Information—Sufficiency. Ungrammatical arrangement of clauses of an indictment will not render it insufficient, if a person of common understanding would know what was intended. So *held* as to an indictment for incest.

*Appeal from Appanoose District Court.*—D. M. ANDERSON, Judge.

SATURDAY, JUNE 24, 1916.

APPEAL from a verdict and judgment finding defendant guilty of incest.—*Affirmed.*

*T. G. Fee,* for appellant.

*George Cosson,* Attorney General, and *W. B. Hays,* County Attorney, for appellee.

DEEMER, J.—The sole question in the case arises out of the alleged insufficiency of the indictment. It reads as follows:

"The grand jury of the county of Appanoose, in the name and by the authority of the State of Iowa, accuse Joe Kruppa of the crime of incest, committed as follows: The said Joe Kruppa on or about the 22nd day of July, 1915, in the county of Appanoose and State of Iowa, did commit the crime of incest, said Joe Kruppa being the father of one Josie Kruppa and being within the degree of consanguinity, did, on said day, at the county and state aforesaid, wilfully, unlawfully and feloniously carnally know each other the said Joe Kruppa and Josie Kruppa then and there standing in the relation to each other of father and daughter, contrary to and in violation of law."

*INCEST: indictment and information: sufficiency.*

It is claimed that the indictment does not charge any offense, in that it is not alleged that defendant had carnal knowledge of Josie Kruppa, or any other person. It is true that the indictment is not a model of grammatical construction. It does charge, however, that defendant did commit the crime of incest with Josie Kruppa, his daughter, and did, on a a named day, wilfully, unlawfully and feloniously and carnally know each other, the said Joe Kruppa and Josie Kruppa then and there being father and daughter. It is said that the indictment charges defendant with unlawfully and carnally knowing each other, and that this is meaningless, although followed immediately with the statement that Joe and Josie Kruppa then and there stood in the relation to each other of father and daughter. The ordinary mind, to say nothing of the more skilled legal one, would have no difficulty in understanding the charge; and the objection, while good from a strictly rhetorical standpoint, is too strained to be recognized in law. Strict grammatical rules should not be enforced in the courts, any more than in the ordinary transactions of life. All that is required is that the charge be so stated as to enable a person of common understanding to know what is intended.

See Code Sections 5280 and 5282. Of course, an indictment cannot be supported by mere intendment, but the language used may be considered as a whole, to ascertain what was intended by its use. We see no such defect as to destroy the effect of the charge. The judgment must, therefore, be, and it is—*Affirmed*.

EVANS, C. J., LADD and PRESTON, JJ., concur.